This was an action of ejectment which came on for trial at the Burlington Nisi Prius, in August, 1795, before KINSEY, C. J., and SMITH, J.

At the trial the following points were ruled by the court:
1st. The demise was laid in the declaration to have been made on the 2d of August, 1794. The plaintiff offered evidence of mesne profits prior to that period, but—

PER CUR. In this action you can recover mesne profits only since the demise laid, and the evidence is inadmissible.

2d. The Chief Justice charged the jury, that in assessing the mesne profits, they might include in the damages all the plaintiff's reasonable and necessary expenses.

[467] The fee of the counsel of the plaintiff was included in their estimate.

*Griffith*, for plaintiff.

*M'Illvaine*, for defendant.

NOTE—In this case the mesne profits were recovered in the action of ejectment.

---

DENHAM v. CROWELL, ADMINISTRATOR OF HADDON.

Under a plea of *solvit ad diem* by intestate, evidence of payment after the day by administrator is admissible.

This was an action of debt on a bond, to which the defendant pleaded—1st. That the intestate paid the moneys due on the day mentioned in the condition ; and under this plea offered to prove a tender of continental money, made by himself as administrator, after the day.

Denham v. Crowell, Administrator of Haddon.

This evidence was objected to—1st. Because payment by administrator will not support the plea of *solvit ad diem* by intestate. 2d. Because payment after the day must be pleaded specially.

Per Cur. The first reason is amply sufficient. The evidence is totally inadmissible.

*Griffith* and *Stockton,* for plaintiff.

*M'Illvaine* and *Woodruff,* for defendant.